**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SARKIS MADJARIAN, et al.,<br><br>    Defendants.<br>_____/ | No. CR-08-0307 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SAY COMPLIANCE WITH SUBPOENA** |

    Before the Court is plaintiff's Ex Parte Emergency Motion to Stay Compliance with Defendant's Rule 17(c) Subpoena, which motion was filed March 30, 2009. That same date, the Court ordered defendant Artashes Ter Mkrtichyan ("Mkrtichyan") to show cause ("OSC") why the relief requested in plaintiff's motion should not be granted. On March 31, 2009, Mkrtichyan responded to the Court's OSC.

    Having read and considered the parties' respective submissions, the Court finds the subpoena was improperly issued. In particular, Mkrtichyan did not apply for, and the Court did not order the issuance of, such subpoena, see Crim. L.R. 17-2(a) (providing "[n]o subpoena in a criminal case may require the production of books, papers, documents or other objects in advance of the trial, hearing or proceeding at which those items are to be offered in evidence, unless the Court has entered an order pursuant to Rule 17(c) of the

Federal Rules of Criminal Procedure")[1]; nor has Mkrtichyan offered any reason why he should not be required to file such an application.  Further, the Custodian of Records of the California Highway Patrol ("Custodian of Records") was not advised that he could move to quash the subpoena.  See Crim. L.R. 17-2(c) (providing "[a]ny Rule 17(c) subpoena must advise the subpoenaed party that . . . it may file a motion to quash the subpoena").[2]

Accordingly, plaintiff's motion is hereby GRANTED, and compliance with the subpoena issued by Mkrtichyan to the Custodian of Records is hereby STAYED pending further order of the Court.  In light of such order, the Custodian of Records need not appear at the April 1, 2009 hearing in the above-titled action, and the documents subpoenaed need not be produced at such hearing.

**IT IS SO ORDERED.**

Dated:  March 31, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Mkrtichyan does not argue that the subpoenaed records will be offered in evidence at the April 1, 2009 hearing in the above-titled action, but, rather, that such records will be offered at a hearing on Mkrtichyan's motion to suppress, which motion, to date, has not been filed.

[2] Given such failure to advise, the Court finds unpersuasive Mkrtichyan's argument that the government lacks standing to move for the relief sought by the instant motion.

2