IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SARKIS MADJARIAN,<br><br>    Defendant. / | No. CR 08-0307 MMC<br><br>**ORDER SETTING BRIEFING SCHEDULE ON DEFENDANT'S PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is defendant Sarkis Madjarian's "Petition for Writ of Habeas Corpus," filed July 28, 2014, by which defendant seeks relief from his conviction pursuant to 28 U.S.C. § 2255.

In his petition, defendant asserts three claims: (1) "the prosecution violated its obligation under Brady v. Maryland, 373 U.S. 83 (1963) and related precedent when it suppressed material evidence favorable to the defense, including evidence of the government's tracking of [defendant's] cell phone without a warrant" (see Petition ¶ 8); (2) "the prosecution violated the principles set forth in Miller v. Pate, 386 U.S. 1 (1966), Napue v. Illinois, 360 U.S. 264, 269 (1959), Alcorta v. Texas, 355 U.S. 28 (1957) and related precedent when it presented, relied upon, and failed to correct, false evidence, including declarations executed by FBI agents" (see Petition ¶ 9); and (3) "the prosecution committed intentional misconduct, in violation of the principles announced in Darden v.

Wainwright, 477 U.S. 168, 181 (1986), by presenting arguments to the court in the course of the motion to suppress that the government knew were premised on false evidence, and were designed to conceal from the court unlawful surveillance conducted by the investigating agents" (see Petition ¶ 10).  Defendant alleges that his "petition is timely as a result of [his] discovery of predicate facts in November of 2013" (see Petition at 20), and that, although his plea agreement "included a waiver of his right to collaterally attack his conviction," the waiver is "not valid because it was based on intentionally false factual representations by the government" (see Petition at 21).

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney."  28 U.S.C. § 2255(b).  Here, neither the motion nor the case record on file conclusively demonstrates defendant is entitled to no relief.

Accordingly, the Court sets the following briefing schedule:

1. No later than September 26, 2014, the government shall file its response.

2. No later than October 17, 2014, defendant shall file any reply.

3. As of October 17, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: August 26, 2014

MAXINE M. CHESNEY
United States District Judge

2