IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>    v.<br><br>SARKIS MADJARIAN,<br>            Defendant.<br>_____/ | No. CR 08-0307 MMC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is the "Petition for Writ of Habeas Corpus," filed July 28, 2014, by defendant Sarkis Madjarian ("Madjarian"), pursuant to 28 U.S.C. § 2255. The government has filed opposition, to which Madjarian has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.

In his motion, Madjarian asserts that, contrary to the government's opposition to his pretrial motion to suppress, the FBI, without probable cause, "tracked [him] by tracking his GPS coordinates through his cell phone." (See Mot. ¶ 33.) In support thereof, Madjarian points to part of a Department of Justice ("DOJ") response to a Freedom of Information Act ("FOIA") request for "applications granted by judges . . . to permit the government to obtain cell phone location data from telecommunications companies, where the judge did not

---

[1] After receipt of Madjarian's initial reply, the Court, by order filed December 16, 2014, afforded the government leave to clarify its opposition by filing one or more supplemental declarations. On December 17, 2014, the government filed a supplemental declaration, to which Madjarian filed a separate reply.

make a determination of probable cause" (see Reply at 4:6-9); the part of the response on which Madjarian relies was based on a list of case names and numbers provided by the U.S. Attorney's Office for the Northern District of California, wherein the above-titled case was listed.

In its opposition, the government asserts it provided the above-titled case name to the DOJ based on an application for a pen register, that the pen register was for another individual's phone, that such application was previously disclosed to Madjarian prior to his guilty plea, and that it was not for "any 'tracking' of Madjarian's telephone." (See Opp'n at 5:17-19). In support thereof, the government has now submitted the declaration of Assistant United States Attorney Kirstin M. Ault ("Ault"), which, in relevant part, states she is the Assistant United States Attorney "who is assigned to the above-captioned matter" (see Ault Supp. Decl., filed Dec. 17, 2014, ¶ 1), that she was the person who responded to the DOJ (see id. ¶ 2), that "[she] provided the name of the Madjarian case because the [c]ourt in this district had granted applications for pen registers, including historical cell site information, for cellular telephones used by David Aguilera" (see id. ¶ 3), and that "because the Aguilera investigation led to the eventual prosecution of Madjarian," she provided the Majarian case name "in an abundance of caution" (see id.).

Madjarian offers no evidence to the contrary. Rather, Madjarian's petition, which appears to be based on a misreading of the question to which Ault responded, lacks factual support. In particular, Madjarian's assertion that the DOJ "was required to produce a list of cases in which a defendant's cell phone was tracked . . . and the government eventually secured a conviction" (see Reply to United States Supplemental Submission, filed January 28, 2015, at 1:24-25) is not supported by the record (see Petition Ex. T at 5, Question 2) (requiring submission of case name and docket number where application for cell phone location was granted and "*any* individual [was] prosecuted after *any* such application was granted") (emphasis added)). Consequently, Madjarian's reliance on the fact that "nobody in the Aguilera case was ever prosecuted" (see Reply to Supp. Submission at 2:7) is

misplaced, and his argument based thereon, that "the government's supplemental declaration is not credible," is unavailing.[2]

Under such circumstances, the Court need not hold an evidentiary hearing and the petition may be denied on the record before the Court.  See United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989) (holding district court may deny § 2255 motion without evidentiary hearing "if the movant's allegations, viewed against the record, . . . do not state a claim for relief").

Further, a certificate of appealability will be denied.  See 28 U.S.C. 2253(c)(1)(B); Rules Governing Section 2255 Proceedings, Rule 11(a) (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner).  Madjarian has failed to make "a substantial showing of the denial of a constitutional right."  See Hayward v. Marshall, 603 F.3d 546, 545-55 (9th Cir. 2010) (en banc) (quoting 28 U.S.C. 2253(c)(2)).  Put another way, Madjarian has failed to demonstrate his claim is "debatable among reasonable jurists."  See id. at 555.

For the reasons stated above, the petition is hereby DENIED, and a certificate of appealability is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 3, 2015

MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent Madjarian, by his use of the word "tracking," also suggests an application was granted for GPS data or other information beyond cell phone location, Madjarian's argument likewise is unpersuasive, as he submits no evidence contrary to Ault's declaration that her listing of Madjarian's case was in response to Question 2 rather then Question 4 of the inquiry.  (See Ault Supp. Decl. ¶ 4; Petition Ex. T, Questions 2, 4.)

3